Filed 3/23/22  In re J.C. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | B314324 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JESSE C.,<br><br>        Defendant and Appellant. | Los Angeles County Super. Ct. No. 19CCJP01721A |

APPEAL from an order of the Superior Court of Los Angeles County, Stacy Wiese, Judge.  Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Melania Vartanian, Deputy County Counsel, for Plaintiff and Respondent.

_____

A father appeals an order terminating parental rights over his daughter, J.C. He challenges, not the merits of the termination decision, but the juvenile court's earlier determination the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (the Act) does not apply. We affirm.

The father argues both the juvenile court and the Los Angeles County Department of Children and Family Services failed to discharge their initial duties of inquiry under the Act and related California law. Citing Welfare and Institutions Code section 224.2, subdivision (b), he argues the Department learned of extended family members on his side yet erred by not asking them about the child's possible Indian heritage. The father's arguments fail.

We review findings under the Act for substantial evidence. (*In re Josiah T.* (2021) 71 Cal.App.5th 388, 401 (*Josiah T.*).) Substantial evidence supports findings that the Act did not apply and that the duty of inquiry was met here.

The father has been in the dependency system before. He has, in his counsel's words, "lost previous children" in such proceedings. In a 2018 proceeding, the juvenile court found no reason to know the Act applied as to the father.

The father does not dispute this. He recognizes the court already found the Act "did not apply regarding Jesse [the father] in one of his previous dependency cases regarding [J.C.'s] half-sibling." This is significant. (See *Josiah T., supra,* 71 Cal.App.5th at p. 401 [where the juvenile court finds the Act does not apply, the finding implies social workers fulfilled their duty of inquiry].)

2

In the current matter, both the father and the mother completed Parental Notification of Indian Status forms stating they had had no known Indian ancestry.

At a hearing in July 2019, the juvenile court asked the father if he had "any American Indian ancestry." He answered, "No."

At an earlier hearing, the court noted the mother "indicates she has no Indian ancestry, as far as she knows." The mother and her counsel were present, and neither said otherwise.

The record shows that, after this hearing, the mother did not visit the child and the Department was unable to locate her after a diligent search. The mother is not a party to this appeal. The father does not identify any maternal relatives the Department could have contacted to inquire further as to her ancestry. The Department did interview the mother once at the outset of the case, but she said she "did not know of any" relatives to consider for placement.

No party claims there were any indicia of possible Indian ancestry or any uncertainty regarding the parents' ancestry. This renders *In re Y.W.* (2021) 70 Cal.App.5th 542, 548–549 distinguishable. Further, in *Y.W.*, there was no earlier finding by the juvenile court regarding the Act's inapplicability, as there is here.

On this record, the juvenile court and the Department made an adequate inquiry into J.C.'s possible Indian ancestry and did not need to investigate further. (*In re Charles W.* (2021) 66 Cal.App.5th 483, 490–491 [adequate inquiry where court and county welfare agency relied on undisputed finding the Act did not apply to the child's older siblings and on the parents' representations they had no Indian ancestry].)

3

## DISPOSITION

We affirm the juvenile court's order.

                                                      WILEY, J.

We concur:


STRATTON, Acting P. J.


HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.